IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:17-CV-_____

| | | |
|---|---|---|
| SUSAN STRAUSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **FED. R. CIV. P. 7 AND 8** |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and | ) | |
| UNUM GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Susan Strauser (hereinafter "Strauser"), by and through her undersigned attorney, brings this action against Defendants, UNUM Life Insurance Company of America (hereinafter "UNUM") and UNUM Group, and as for her causes of action states as follows:

## JURISDICTION, VENUE AND PARTIES

1.     This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., and more particularly 29 U.S.C. §1132(a)(1)(B) thereof. This Court has jurisdiction under 29 U.S.C. §1132(f), which grants to the federal court original jurisdiction to determine claims under 29 U.S.C. §§1001 et seq. Strauser brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her

rights under the plan and to clarify her rights to benefits under the terms of the plan.

2.  Upon information and belief, UNUM is a subsidiary of UNUM Group, incorporated in the State of Maine, based in Portland, Maine and authorized to do business in the State of North Carolina.

3.  Upon information and belief, Unum Group's legal name is "Unum Group Corporation", but promotes and advertises itself as Unum Group.

4.  Unum Group and UNUM are parties to this action and subject to the ERISA laws and regulations as set forth herein.

5.  "UNUM" as referenced in many documents, letters, forms and other writings is a registered trademark and marketing brand of Unum Group and its insurance subsidiaries.

6.  UNUM is a corporation with its principal place of business in the State of Delaware, authorized to transact and is transacting business in the Eastern District of North Carolina.

7.  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2), in that the defendants UNUM and Unum Group are authorized to and are doing business within the Eastern District of North Carolina and "may be found" in the Eastern District of North Carolina.

8.  Strauser, is now, and at all relevant times was, a citizen and resident of Wake County, North Carolina and a citizen of the United States of America, and in all

2

respects sui juris.

## FACTUAL ALLEGATIONS

9.     This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to Strauser by UNUM.

10.    During the relevant times, Strauser was employed as an Administrative Assistant with PeopleFluent.

11.    Strauser has been diagnosed and suffers from disabling medical conditions, including, but not limited to, lumbar disc disease with radiculopathy, degenerative joint disease of cervical spine, sciatica and supra ventricular tachycardia.

12.    Strauser was at all times material an employee of PeopleFluent until on or about February 28, 2017 at which time she executed a severance agreement.

13.    Strauser's actual job duties varied greatly from any job description that UNUM purports to use as a rationale for denying LTD benefits to Strauser.

14.    Strauser was at all times material a plan participant under the Long-Term Disability Plan (known as "Peoplefluent Health and Welfare Plan"), Group Policy No. 136994 ("LTD Plan") which is established by UNUM and PeopleFluent who also serves as Plan Administrator and pursuant to which Strauser is entitled to Long-Term disability benefits (hereinafter "LTD").

15.    UNUM also provided Short-Term disability benefits to Strauser under the same LTD Plan documents from approximately August 3, 2016 through on or about

3

October 19, 2016.

16.    The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, U.S.C. §1002 and regulated by ERISA.

17.    UNUM is the insurer of benefits under the LTD Plan and was appointed the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

18.    As the decision maker and payor of plan benefits, UNUM administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, UNUM is not entitled to a deferential standard of review.

19.    Pursuant to the terms and conditions of the LTD Plan, Strauser is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

20.    According to the LTD Plan, the following is provided:

"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1.    Unable to perform the material duties of his or her Regular Occupation; and

2.    Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been paid for 24 months, the Employee is

4

considered Disabled if, solely due to Injury or Sickness, he or she is:

1.  Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience, and

2.  Unable to earn 60% or more of his or her Indexed Earnings."

21.  At all relevant times, Strauser has been and is under the regular care of a physician.

22.  Since on or about July 19, 2016, Strauser has been disabled under the terms of the LTD policy and UNUM has refused to pay Strauser LTD benefits once her Short-Term disability benefits expired.

23.  Shortly after becoming disabled, Strauser made a claim to UNUM under the UNUM Plan for Short-Term disability benefits which UNUM initially approved and paid through on or about October 20, 2016. She then filed a separate claim for LTD.

24.  UNUM notified Strauser that her claim was denied by letter dated November 30, 2016.

25.  Strauser appealed the November 30, 2016 letter by letter dated December 15, 2016.

26.  Strauser properly appealed UNUM's adverse determination by letter dated December 15, 2016.

27.  Strauser properly appealed UNUM's adverse determination through her

5

undersigned attorney, by letter dated December 15, 2016.

28. By letter dated January 25, 2017, UNUM affirmed its adverse determination and advised Strauser that she had exhausted all administrative levels of appeal and no further appeals would be considered and advised her of her rights to sue under the ERISA statute.

29. At all relevant times, Strauser complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

30. Since on or about July 16, 2016, Strauser has been disabled under the terms of the LTD Plan.

31. At all relevant times, UNUM was the "Insurance Company" identified throughout the LTD Plan.

32. At all relevant times, UNUM and/or PeopleFlunet were appointed the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

33. At all relevant times, Strauser has been and remains disabled and entitled to LTD benefits from UNUM under the terms of the LTD Plan.

34. Strauser has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)

6

35.     Strauser incorporates Paragraphs 1 through 34 as if fully set forth herein.

36.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

37.     Pursuant to 29 U.S.C. §1132(a)(1)(B), Strauser, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

38.     Strauser has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of UNUM's failure to pay her disability benefits.

39.     Strauser has exhausted all administrative remedies under the LTD Plan.

40.     Defendant UNUM breached the LTD Plan and violated ERISA in the following respects:

    (a)     Failing to pay LTD benefit payments to Strauser at a time when UNUM knew, or should have known, that Strauser was entitled to those benefits under the terms of the LTD Plan, as Strauser was disabled and unable to work and therefore entitled to benefits;

    (b)     Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of Strauser's claim for LTD benefits;

    (c)     After Strauser's claim was denied in whole or in part, UNUM failed to adequately describe to Strauser any additional material or information necessary for Strauser to perfect her claim along with an explanation of why such material is or was necessary;

    (d)     UNUM failed to properly and adequately investigate the merits of Strauser's disability claim and failed to provide a full and fair review of Strauser's claim.

41.    Strauser believes and thereon alleges that UNUM wrongfully denied her claim for disability benefits under the LTD plan by other acts or omissions of which Strauser is presently unaware, but which may be discovered in this future litigation and which Strauser will immediately make UNUM aware of once said acts or omissions are discovered by Strauser.

42.    Following the denial of benefits under the LTD Plan, Strauser exhausted all administrative remedies required under ERISA, and Strauser has performed all duties and obligations on his part to be performed under the LTD Plan.

43.    As a proximate result of the aforementioned wrongful conduct of UNUM, Strauser has damages for loss of disability benefits in a total sum to be shown at the time of trial.

44.    As a further direct and proximate result of this improper determination regarding Strauser's claim for benefits, Strauser, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. §1132(g)(1), Strauser is entitled to have such fees and costs paid by UNUM.

45.    The wrongful conduct of UNUM has created uncertainty where none should exist, therefore, Strauser is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Susan Strauser prays for relief against UNUM as follows:

8

1.  Payment of disability benefits due Plaintiff;

2.  An Order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.  In the alternative to the relief sought in paragraphs 1 and 2, AN ORDER REMANDING Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.  Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.  Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.  Such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 28th day of March, 2017.

/s/ Richard M. Durham
Richard M. Durham
*Attorney for Plaintiff*
NC Bar No. 10311
333 Fayetteville St., Suite 1201
Raleigh, North Carolina 27601
Telephone:  (919) 400-2849
Facsimile:  (919) 516-0117
E-mail:    rdbulldurham2@gmail.com