THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:17-cv-00149-BO

| | |
|---|---|
| SUSAN STRAUSER, | ) |
| Plaintiff, | ) |
| v. | ) ANSWER |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, AND UNUM GROUP | ) |
| Defendants. | ) |

Defendants Unum Life Insurance Company of America ("Unum Life") and Unum Group respond to the Complaint as follows:

**FIRST DEFENSE**

Plaintiff seeks long-term disability ("LTD") benefits under an employee benefit plan (the "Plan") established by PeopleFluent for its employees. As an employee of PeopleFluent, Plaintiff was a participant of the Plan. Unum Life issued Group Policy No. policy 136994 (the "Policy") to PeopleFluent to fund disability benefits under the Plan. A copy of the Policy is attached hereto as Exhibit A and incorporated by reference. The Policy and the Plan are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Unum Life made a correct and reasonable determination that Plaintiff failed to establish that she was Disabled, as that term is defined under the Policy. Accordingly, Defendants deny that Plaintiff is entitled to benefits under the Policy.

1

## Second Defense

The Plan contains express language granting Defendants discretionary authority to interpret Plan provisions and to make final determinations with respect to claims for disability benefits under the Plan.

## Third Defense

Unum Life's administrative determination with respect to Plaintiff's claim for disability benefits under the Plan was correct and reasonable, and was not an abuse of discretion.

## Fourth Defense

Unum Life's administrative determination with respect to Plaintiff's claim for disability benefits under the Plan was the product of a deliberate, principled reasoning process.

## Fifth Defense

Unum Life's administrative determination with respect to Plaintiff's claim for disability benefits under the Plan was supported by substantial evidence in the administrative record.

## Sixth Defense

Unum Life discharged its duties with respect to the Plan in accordance with the documents and instruments governing the Plan and ERISA.

**Seventh Defense**

Unum Life discharged its duties with respect to the Plan in the interest of all of the Plan participants and their beneficiaries, and in doing so, Unum Life acted in accordance with the terms of the Plan.

**Eighth Defense**

In the event that Plaintiff is found to be disabled under the Plan and deemed entitled to LTD benefits, which possibility Defendants deny, such benefits would be offset or reduced by Plaintiff's receipt of Other Income as defined by the Plan documents.

**Ninth Defense**

In the event that Plaintiff is found to be disabled under the Plan and deemed entitled to LTD benefits at this time, which possibility Defendants deny, such a finding would not resolve the issue of whether Plaintiff would continue to be entitled to LTD benefits in the future.

**Tenth Defense**

If the Court determines that Unum Life materially erred in administering Plaintiff's claim for disability under the terms of the Plan or applicable law, which Defendants deny, the Court should remand the claim to Unum Life for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

Defendants, answering the specific allegations of the Complaint, state as follows:

1. Plaintiff's Complaint contains legal conclusions which require no response. To the extent a response is required, Defendants admit that Plaintiff brings an action under ERISA for the recovery of LTD benefits and that this Court has subject matter jurisdiction. Except as expressly admitted, Defendants deny the allegations in paragraph 1.

2. Defendants admit that Unum Life is a subsidiary of Unum Group, incorporated in the state of Maine, with headquarters in Portland, Maine, and is authorized to do business in North Carolina. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3. Defendants admit that Unum Group is doing business as Unum Group Corporation in North Carolina. Except as expressly admitted, Defendants deny the allegations in paragraph 3.

4. Paragraph 4 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit that they are parties to this action, and, in general, are subject to ERISA and its accompanying regulations promulgated by the Department of Labor. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5. Defendants admit paragraph 5.

6. Defendants admit that Unum Life is incorporated in the state of Maine, with headquarters in Portland, Maine, and is authorized to and does conduct business in

the Eastern District of North Carolina. Except as expressly admitted, Defendants deny the allegations in paragraph 6.

7. Paragraph 7 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit that venue is proper.

8. Defendants admit paragraph 8, upon information and belief.

9. Defendants deny the allegations of paragraph 9.

10. Defendants admit that Plaintiff was working for PeopleFluent in the position of Administrative Assistant at the time she ceased working with PeopleFluent. Except as expressly admitted, Defendants deny the allegations in paragraph 10.

11. Paragraph 11 contains characterizations, rather than factual assertions, and requires no response. To the extent a response is required, Defendants refer to the documents and information contained in the administrative record developed by Unum Life in its consideration of Plaintiff's claim for a full and accurate recitation of its contents, and deny any allegation or implication inconsistent with said contents. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 11, and the same are therefore denied.

12. Defendants admit that Plaintiff ceased actively working with PeopleFluent on or about July 19, 2016. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12, and the same are therefore denied.

13. Paragraph 13 contains characterizations, rather than factual assertions, and requires no response. To the extent a response is required, Defendants refer to the

documents and information contained in the administrative record developed by Unum Life in its consideration of Plaintiff's claim for a full and accurate recitation of its contents, and deny any allegation or implication inconsistent with said contents. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13, and the same are therefore denied.

14. Defendants admit that, as an employee of PeopleFluent, Plaintiff was a participant of the Plan and covered under the Policy. Defendants admit that PeopleFluent established the Plan and is the Plan Administrator, but specifically deny that either Unum Life or Unum Group established the Plan or acted as its Plan Administrator. Defendants specifically deny that Plaintiff is entitled to LTD benefits under the Plan or Policy. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 14.

15. Defendants admit that Unum Life approved Plaintiff's claim for STD benefits under the Policy, and paid STD benefits to Plaintiff from August 3, 2016 through October 18, 2016. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 15.

16. Paragraph 16 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit the allegations of paragraph 16.

17. Paragraph 17 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit that Unum Life the insurer of the LTD benefits under the Plan, and that both Defendants were delegated authority to determine

entitlement to Plan benefits and to determine appeals on denied claims. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants specifically deny that Plaintiff is entitled to LTD benefits or is disabled under the Plan or Policy. Defendants refer to the Policy for a complete and accurate description of its terms, and deny any allegation or implication inconsistent thereof. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 19.

20. Defendants refer to the Policy for a complete and accurate description of its terms, and deny any allegation or implication inconsistent thereof. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 20.

21. To the extent the allegations in paragraph 21 are reflected in the documents and information contained in the administrative record developed by Unum Life in its consideration of Plaintiff's claim, Defendants refer to the administrative record for a full and accurate recitation of its contents, and deny any allegation or implication inconsistent with said contents. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21, and the same are therefore denied.

22. Defendants deny the allegations of paragraph 22.

23. Defendants admit that Plaintiff submitted a claim for STD benefits, and that Unum Life approved Plaintiff's claim and paid STD benefits to Plaintiff from August 3, 2016, through October 18, 2016. Defendants admit that Plaintiff submitted a claim for

LTD benefits.  Except as expressly admitted, Defendants deny any remaining allegations in paragraph 23.

24. Defendants admit paragraph 24.

25. Defendants admit paragraph 25.

26. Paragraph 26 contains characterizations, which require no response.  To the extent a response is required, Defendants admit that Plaintiff appealed Unum Life's adverse determination by letter dated December 15, 2016.  Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26, and the same are therefore denied.

27. Paragraph 27 contains characterizations, which require no response.  To the extent a response is required, Defendants admit that Plaintiff appealed Unum Life's adverse determination, through her attorney, by letter dated December 15, 2016.  Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13, and the same are therefore denied.

28. Defendants refer to Unum Life's January 25, 2017 letter for a complete and accurate description of its contents, and deny any allegation or implication inconsistent thereof.  Except as expressly admitted, Defendants deny any remaining allegations in paragraph 28.

29. Paragraph 29 of Plaintiff's Complaint contains characterizations, rather than factual assertions, and requires no response.  To the extent a response is required, Defendants admit that Plaintiff exhausted her administrative remedies.  Except as expressly admitted, Defendants deny any remaining allegations in paragraph 29.

30. Defendants deny paragraph 30.

31. Defendants refer to the Policy for a complete and accurate description of its terms, and deny any allegation or implication inconsistent thereof. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 31.

32. Defendants admit that PeopleFluent was the Plan Administrator, and that Defendants had the authority to determine entitlement to benefits and decide appeals on denied claims. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 32.

33. Defendants deny paragraph 33.

34. Defendants deny paragraph 34.

35. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 34.

36. Paragraph 36 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit that Plaintiff requests recovery as alleged in paragraph 36, but Defendants specifically deny that Plaintiff is entitled to the recovery of LTD benefits. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 36.

37. Paragraph 37 contains legal conclusions, which require no response. To the extent a response is required, Defendants admit paragraph 37.

38. Paragraph 38 contains legal conclusions, which require no response. To the extent a response is required, Defendants deny paragraph 38.

39. Defendants admit paragraph 39.

40. Defendants deny paragraph 40, including all subparts.

41. Defendants deny paragraph 41.

42. Paragraph 42 contains characterizations, rather than factual assertions, and requires no response. To the extent a response is required, Defendants admit that Plaintiff exhausted her administrative remedies. Defendants refer to the Policy for a complete and accurate description of its terms, and deny any allegation or implication inconsistent thereof. Except as expressly admitted, Defendants deny any remaining allegations in paragraph 42.

43. Defendants deny paragraph 43.

44. Defendants deny paragraph 44.

45. Defendants deny paragraph 45.

46. Except as expressly admitted, Defendants deny any remaining allegations in Plaintiff's Complaint.

WHEREFORE, Defendants respectfully request the following:

(a) That Plaintiff have and recover nothing;

(b) That this matter be dismissed with prejudice;

(c) That Defendants be awarded attorneys' fees and costs incurred in its defense of this action, pursuant to 29 U.S.C. § 1132(g); and

(d) That Defendants have such other and further relief as this Court may deem just and proper.

This the 27th day of June, 2017.

                                */s/ Katherine T. Lange*

Elizabeth J. Bondurant (Fed. ID No. 12447)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
E-mail: lisa.bondurant@wcsr.com

Katherine T. Lange (Fed. ID No. 18287)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202
Telephone: 704-331-4900
Facsimile: 704-331-4955
E-mail: klange@wcsr.com

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2017, a copy of the foregoing *Answer* was served by ECF as follows:

ADDRESSEE(S):

Rdbulldurham2@gmail.com

*/s/ Katherine T. Lange*
Katherine T. Lange