IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN STRAUSER, | )<br>) |
| Plaintiff, | ) Case No.: 5:17-cv-00149-BO<br>) |
| v. | )<br>) |
| UNUM LIFE INSURANCE COMPANY<br>OF AMERICA AND UNUM GROUP, | )<br>)<br>) |
| Defendant. | ) |

## JOINT 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Order dated July 3, 2017, a meeting was held on July 26, 2017, via telephone, attended by Richard M. Durham for Plaintiff and Katherine T. Lange for Defendants.

The parties propose the following discovery plan:

**1. Pre-Discovery Disclosures.** This action is a claim for long-term disability ("LTD") benefits under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The parties agree that, to the extent that Rule 26 initial disclosures are required in this matter, said requirement will be satisfied by Defendants' service of the Administrative Record and Plan document upon Plaintiff. Defendants will provide Plaintiff with a bates-stamped copy of what they contend is the Administrative Record and the Plan document to be considered by the Court by **September 1, 2017**.

**2. Discovery Plan.**

A. **Case Complexity; Scope of Discovery.** Due to the fact that this action is a claim for benefits under ERISA, the case should be characterized as "routine."

1

1. This case arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 *et seq.* The Court's subject matter jurisdiction is based on 28 U.S.C. §1331 and 29 U.S.C. § 1132(e)(1).

2. The key issue involved in the case is whether Plaintiff is entitled to LTD benefits. Plaintiff submits that an additional issue is whether a trial *de novo* is appropriate in this case.

3. Plaintiff is seeking a judgment that Defendants is obligated to pay LTD benefits to Plaintiff, along with an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), in the discretion of the Court.

B. **Discovery.**

 1. **Subject Matter and Limitation in Scope:**

Because this cause of action is governed by ERISA, Defendants' position is that the subject matter and scope of discovery is limited to the Administrative Record. Plaintiff's position is that the subject matter and scope of discovery is not limited to the Administrative Record.

 2. **Limitations and Categories of Discovery:**

Because this cause of action is governed by ERISA, Defendants' position is that the scope of discovery is limited to the Administrative Record. Plaintiff's position is that the scope of discovery is not limited to the Administrative Record. Subject to and without waiving any objections, the following maximum limits on discovery in this matter are as follows:

a. A maximum of 20 interrogatories, including subpart, by each party of any other party. Responses due 30 days after service unless extended by the Court or by consent.

b. A maximum of 20 requests for production of each party to any other party. Responses due 30 days after service unless extended by the Court or by consent.

c. A maximum of 6 depositions by plaintiff and 6 by defendants. Each deposition, except experts, limited to a maximum of 7 hours, unless extended by agreement of the parties.

1. **Electronic Discovery.** There are no special issues relating to disclosure or discovery of electronically-stored information. The parties will endeavor to insure that their document production includes all relevant and discoverable electronically-stored information.

2. **Privilege Claims.** The parties are unaware at this time of any special issues relating to claims of privileged or trial-preparation material.

3. Any discovery must be commenced in time to be completed by **February 1, 2018**.

C. **Other Matters**.

1. The parties do not anticipate designating any experts, and therefore do not anticipate any disclosure of information from experts, unless a material dispute arises or Plaintiff moves the Court to allow her to supplement the Administrative Record.

2. Plaintiff shall have until **October 1, 2017** to seek to amend her pleadings or to join additional parties.

3. Defendants shall have until **November 1, 2017** to seek to amend their pleadings or to join additional parties.

4. The case does not require early judicial intervention due to complexity or other factors.

5. All potentially dispositive motions should be filed by **March 1, 2018**.

6. The parties may agree informally to extend the time for responding to discovery requests without having to file a motion with the Court, provided that the parties may not, without Court approval, extend the time for completing discovery beyond the date set for completion of discovery.

7. Defendants expect that this matter will be determined upon dispositive motion. However, Plaintiff expects the case to go to trial. If the case goes to trial, the parties suggest that any trial date be no earlier than 60 days following the Court's determination on the parties' summary judgment motions. Because this is a cause of action under ERISA, the parties agree that the trial will be non-jury. The parties anticipate that the trial of this case will take no more than one day.

D. Alternative Dispute Resolution. By docket entry #13 dated July 3, 2017, this case was automatically designated by the Court for a mediated settlement conference to be conducted prior to the end of discovery **(February 1, 2018)** pursuant to Local Civil Rule 101.1 *et seq.* The parties have selected Calvin B. Bennett, III as the mediator for this matter.

E. The parties do not assent to determination by a magistrate judge.

F. The parties do not request a conference with the Court before the entry of the Scheduling Order.

This 26th day of July, 2017.

*/s/ Richard M. Durham (with permission)*
Richard M. Durham (NC Bar No. 10311)
333 Fayetteville Street, Suite 1201
Raleigh, NC  27601
Telephone: (919) 400-2849
Facsimile: (919) 516-0117
E-mail: rdbulldurham2@gmail.com

*s/ Katherine T. Lange*

Elizabeth J. Bondurant (Fed. ID No. 12447)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
E-mail:  lisa.bondurant@wcsr.com

Katherine T. Lange (Fed. ID No. 18287)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202
Telephone:  704-331-4900
Facsimile:  704-331-4955
E-mail:  klange@wcsr.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Joint Rule 26(f) Report and Discovery Plan* using the CM/ECF system, which will automatically give notice by electronic means to the following attorneys of record:

rdbulldurham@gmail.com

This 26th day of July, 2017.

*/s/ Katherine T. Lange*
Katherine T. Lange

*Attorney for Defendants*