IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-149-BO

| | | |
|---|---|---|
| SUSAN STRAUSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA AND UNUM GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

The court has considered the parties' Joint 26(f) Report and Discovery Plan ("Discovery Plan") (D.E. 14), filed 26 July 2017 and annexed hereto. The court finds the Discovery Plan to be reasonable. Accordingly, the Discovery Plan is APPROVED, subject to the changes reflected herein, which include the adjustment of dates to avoid weekends and holidays.

Critical deadlines are as follows:

1.     All discovery shall be commenced in time to be completed by 1 February 2018.

2.     Any potentially dispositive motions shall be filed by 1 March 2018.

3.     Motions to join additional parties and amend pleadings must be made promptly, but in no event later than 2 October 2017 by plaintiff and 1 November 2017 by defendants. Nothing in this Order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings. Any motion to amend filed after the deadlines set in this Order must meet the standards of Fed. R. Civ. P. 15 and 16.

4.     Supplementation shall be as provided in Fed. R. Civ. P. Rule 26(e), unless otherwise ordered by the court.

5.     The trial date will be set in a separate order by District Judge Terrence W. Boyle. Pursuant to the 20 August 2002 Standing Order entered by Judge Boyle (posted as no. 02-JP-1-BO on Judge Boyle's practice preferences page), the court reserves the right to schedule the case for trial as early as 30 days after the dispositive motion deadline.

Counsel are cautioned not to be dilatory in pursuing discovery. Motions for extension of discovery deadlines are not favored if they would require a continuance of the trial.

Any party that makes an appearance after this Order has been entered shall be required to confer with opposing counsel and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 21 days after the party's appearance. Such party shall be bound by the terms of this Order unless the party moves for and obtains amendment of this Order by the court. Any other party seeking amendment of this Order due to the appearance of a new party may also file a motion for such relief.

This case is subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b), E.D.N.C. The parties indicate that they have agreed to the appointment of Calvin B. Bennett, III, Esq. as the mediator in this case. Accordingly, they shall file a statement identifying the selection of Mr. Bennett as mediator, or such other person they may ultimately select, and meeting the other applicable requirements within 21 days after entry of this Order, in accordance with Local Civil Rule 101.1c(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local Civil Rule 101.1c(b).

The portions of the Discovery Plan not modified or otherwise addressed herein are ADOPTED as the court's order.

2

SO ORDERED, this __6__ day of September 2017.

James E. Gates
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN STRAUSER, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.: 5:17-cv-00149-BO** |
| | ) | |
| v. | ) | |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA AND UNUM GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Order dated July 3, 2017, a meeting was held on July 26, 2017, via telephone, attended by Richard M. Durham for Plaintiff and Katherine T. Lange for Defendants.

The parties propose the following discovery plan:

1.      **Pre-Discovery Disclosures.** This action is a claim for long-term disability ("LTD") benefits under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The parties agree that, to the extent that Rule 26 initial disclosures are required in this matter, said requirement will be satisfied by Defendants' service of the Administrative Record and Plan document upon Plaintiff. Defendants will provide Plaintiff with a bates-stamped copy of what they contend is the Administrative Record and the Plan document to be considered by the Court by **September 1, 2017**.

2.      **Discovery Plan.**

A.      **Case Complexity; Scope of Discovery.** Due to the fact that this action is a claim for benefits under ERISA, the case should be characterized as "routine."

1

1.      This case arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 *et seq.* The Court's subject matter jurisdiction is based on 28 U.S.C. §1331 and 29 U.S.C. § 1132(e)(1).

2.      The key issue involved in the case is whether Plaintiff is entitled to LTD benefits.   Plaintiff submits that an additional issue is whether a trial *de novo* is appropriate in this case.

3.      Plaintiff is seeking a judgment that Defendants is obligated to pay LTD benefits to Plaintiff, along with an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), in the discretion of the Court.

B.      **Discovery.**

1.      **Subject Matter and Limitation in Scope:**

Because this cause of action is governed by ERISA, Defendants' position is that the subject matter and scope of discovery is limited to the Administrative Record.   Plaintiff's position is that the subject matter and scope of discovery is not limited to the Administrative Record.

2.      **Limitations and Categories of Discovery:**

Because this cause of action is governed by ERISA, Defendants' position is that the scope of discovery is limited to the Administrative Record.   Plaintiff's position is that the scope of discovery is not limited to the Administrative Record. Subject to and without waiving any objections, the following maximum limits on discovery in this matter are as follows:

2

a. A maximum of 20 interrogatories, including subpart, by each party of any other party. Responses due 30 days after service unless extended by the Court or by consent.

b. A maximum of 20 requests for production of each party to any other party. Responses due 30 days after service unless extended by the Court or by consent.

c. A maximum of 6 depositions by plaintiff and 6 by defendants. Each deposition, except experts, limited to a maximum of 7 hours, unless extended by agreement of the parties.

1.      **Electronic Discovery.** There are no special issues relating to disclosure or discovery of electronically-stored information. The parties will endeavor to insure that their document production includes all relevant and discoverable electronically-stored information.

2.      **Privilege Claims.** The parties are unaware at this time of any special issues relating to claims of privileged or trial-preparation material.

3.      Any discovery must be commenced in time to be completed by **February 1, 2018**.

C.      **Other Matters**.

1.      The parties do not anticipate designating any experts, and therefore do not anticipate any disclosure of information from experts, unless a material dispute arises or Plaintiff moves the Court to allow her to supplement the Administrative Record.

2.      Plaintiff shall have until **October 1, 2017** to seek to amend her pleadings or to join additional parties.

3.      Defendants shall have until **November 1, 2017** to seek to amend their pleadings or to join additional parties.

3

4.     The case does not require early judicial intervention due to complexity or other factors.

5.     All potentially dispositive motions should be filed by **March 1, 2018**.

6.     The parties may agree informally to extend the time for responding to discovery requests without having to file a motion with the Court, provided that the parties may not, without Court approval, extend the time for completing discovery beyond the date set for completion of discovery.

7.     Defendants expect that this matter will be determined upon dispositive motion. However, Plaintiff expects the case to go to trial.  If the case goes to trial, the parties suggest that any trial date be no earlier than 60 days following the Court's determination on the parties' summary judgment motions. Because this is a cause of action under ERISA, the parties agree that the trial will be non-jury. The parties anticipate that the trial of this case will take no more than one day.

D.     Alternative Dispute Resolution.  By docket entry #13 dated July 3, 2017, this case was automatically designated by the Court for a mediated settlement conference to be conducted prior to the end of discovery **(February 1, 2018)** pursuant to Local Civil Rule 101.1 *et seq.*  The parties have selected Calvin B. Bennett, III as the mediator for this matter.

E.     The parties do not assent to determination by a magistrate judge.

F.     The parties do not request a conference with the Court before the entry of the Scheduling Order.

4

This 26th day of July, 2017.

/s/ Richard M. Durham (with permission)
Richard M. Durham (NC Bar No. 10311)
333 Fayetteville Street, Suite 1201
Raleigh, NC 27601
Telephone: (919) 400-2849
Facsimile: (919) 516-0117
E-mail: rdbulldurham2@gmail.com

s/ Katherine T. Lange

Elizabeth J. Bondurant (Fed. ID No. 12447)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
E-mail: lisa.bondurant@wcsr.com

Katherine T. Lange (Fed. ID No. 18287)
**WOMBLE CARLYLE SANDRIDGE & RICE LLP**
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202
Telephone: 704-331-4900
Facsimile: 704-331-4955
E-mail: klange@wcsr.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing *Joint Rule 26(f) Report and Discovery Plan* using the CM/ECF system, which will automatically give notice by electronic means to the following attorneys of record:

rdbulldurham@gmail.com

This 26th day of July, 2017.

*/s/ Katherine T. Lange*
Katherine T. Lange

*Attorney for Defendants*

WCSR 40383866v1